# IN THE COURT OF APPEALS OF IOWA

No. 21-0688
Filed May 11, 2022

**DAVID HERING,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Muscatine County, John Telleen, Judge.


David Hering appeals the denial of his third application for postconviction relief. **AFFIRMED.**



David Hering, Ft. Madison, self-represented appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.



Considered by Schumacher, P.J., Ahlers, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**MULLINS, Senior Judge.**

David Hering appeals the dismissal of his third application for postconviction relief (PCR) as untimely. He essentially argues (1) his actual-innocence claim serves as a new ground of fact excepting him from the statute of limitations contained in Iowa Code section 822.3 (2018); (2) the statute of limitations violates equal protection; (3) ineffective assistance of prior PCR counsel should completely override the statute of limitations; (4) he presented new grounds of law excepting him from the statute of limitations; (5) the PCR court erred or abused its discretion by not ruling on claims he raised pro se while represented by counsel; and (6) his PCR counsel was ineffective in failing to raise meritorious arguments and ensure they were preserved for appeal.

## I.    Background Facts and Proceedings

In 2004, sentence was imposed upon Hering's criminal convictions for one count of first-degree murder and two counts of attempted murder. On direct appeal, we affirmed his convictions and rejected his claims of ineffective assistance of counsel. *See generally State v. Hering*, No. 04-1222, 2005 WL 2756388 (Iowa Ct. App. Oct. 26, 2005). On further review, the supreme court affirmed his convictions but preserved his ineffective-assistance claims for PCR. *See generally Hering v. State*, No. 04-1222, 2006 WL 60678 (Iowa Jan. 11, 2006). Procedendo issued in January 2006.

In April 2006, Hering filed his first PCR application. We affirmed the district court's denial of that application. *See generally Hering v. State*, No. 13-1945, 2016 WL 3269454 (Iowa Ct. App. June 15, 2016). He filed a second application in January 2014, the district court dismissed it as barred by the three-year statute of

limitations, and we affirmed. *See generally Hering v. State*, No. 14-0762, 2016 WL 3285445 (Iowa Ct. App. June 15, 2016). Procedendo following both PCR appeals issued on August 29, 2016.

Hering filed the application precipitating this appeal, his third, in December 2018. His specific claims for relief included "actual innocence" and ineffective assistance of prior PCR counsel. His claim of actual innocence was generally based on factual assertions relating to occurrences leading up to the crimes, during the resulting investigation, and during trial. His initial and amended applications asserted prior PCR counsel was ineffective in various respects. The State filed a motion to dismiss, arguing the application was barred by the statute of limitations and res judicata.

At the ensuing hearing on the motion, Hering argued he was excepted from the statute of limitations because his application was filed promptly after our supreme court issued its decision in *Allison v. State*.[1] As to his claim of actual innocence, Hering asserted he forwarded "several allegations of information that wasn't considered in his original case."

In its ultimate ruling, the district court found the information put forward by Hering to support his claim of actual innocence was available to him or

---

[1] *See* 914 N.W.2d 866, 891 (Iowa 2018) (holding that where a timely application is filed within the statute of limitations alleging ineffective assistance of trial counsel, the filing of a successive application that alleges ineffective assistance of PCR counsel in presenting the ineffective-assistance-of-trial-counsel claim, the filing of the second application relates back to the time of the filing of the original application so long as the successive application is filed promptly after the conclusion of the original action); *see also* Iowa Code § 822.3 (noting "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

discoverable within the limitations period and therefore did not serve as a ground of fact sufficient to except him from the statute of limitations. The court found the application was not filed promptly after the conclusion of the prior PCR action and, in any event, *Allison* does not specifically apply to third PCR applications. As such, the court found the application was barred by the statute of limitations and granted the State's motion to dismiss.

Hering now appeals.

## II.     Standard of Review

We ordinarily review the dismissal of a PCR application for legal error, but our review is de novo when claims of ineffective assistance of counsel come into play. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021); *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020).

## III.    Analysis

Beginning with the actual-innocence claim, Hering argues he was unaware he needed to present all of the evidence supporting his claim to survive dismissal. But his application only alleged factual information that was clearly available at the time of the criminal trial. While Hering argues, for purposes of his actual-innocence claim, that evidence "[s]hould be regarded as new [if] it was not presented at his trial due to counsel[']s ineffectiveness," that is not the state of the law under chapter 822. Rather, a claim of actual innocence "does not apply to overcome the statute of limitations where the evidence put forward to support [the] claim . . . was available to the applicant or could have been discovered with due diligence within the limitations period." *Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020). Hering appears to agree the information he forwards to support his claim of actual

innocence was available to him within the limitations period. So the information does not serve as a new ground of fact to except him from the statute of limitations.

To the extent Hering argues the district court should have granted him relief on his actual-innocence claim pursuant to other vehicles outside of chapter 822, we agree with the State that this claim was neither raised or decided below and is therefore not preserved for appellate review. *See, e.g.*, *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). In any event, while chapter 822 is "not the exclusive vehicle[] to bring freestanding actual-innocence claims," "the legislature has provided the present, appropriate vehicle in chapter 822." *Schmidt v. State*, 909 N.W.2d 778, 798 (Iowa 2018). And Hering fails to pinpoint under what other vehicles we should consider his claim. We affirm the dismissal of Hering's actual-innocence claim as not excepted from the statute of limitations.

After finding Hering's actual-innocence claim was not excepted from the statute of limitations, the district court found his remaining claims of ineffective assistance of PCR counsel were also time-barred. Hering does not appear to contest that conclusion. Instead, he raises issues that were either not raised in, or decided by, the district court. First, Hering suggests the three-year statute of limitations violates equal protection. While this argument was raised in a pro se amended application, the district court did not rule on it and was therefore not preserved. The court also did not rule on Hering's appellate claim that ineffective assistance of prior PCR counsel completely overrides the statute of limitations. Finally, the court did not rule on Hering's claims that *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), and *Krogmann v. State*, 914 N.W.2d 293 (Iowa 2018), serve as new

grounds of law excepting him from the statute of limitations. So none of these issues were preserved, and we do not consider them further.

Somewhat in relation to the foregoing points, Hering argues the district court erred or abused its discretion by failing to consider or rule on the grounds for relief he raised pro se. He complains the district court "duped" him into thinking it would consider all of the claims he raised pro se, "even though counsel was assigned to the case." *See* Iowa Code § 822.3A(1) (Supp. 2019). Hering did not obtain a ruling on his pro se post-ruling motion to reconsider, enlarge, or amend, so error is not preserved on this complaint either.[2] *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal. When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." (quoting *Meier*, 641 N.W.2d at 537 (Iowa 2002))).

Lastly, Hering argues his PCR counsel in this proceeding was ineffective in failing to raise meritorious arguments and ensure error was preserved on the foregoing issues. This claim is largely based on factual assertions that are not

---

[2] While still represented by counsel in the district court, Hering filed a post-hearing motion in an apparent attempt to obtain some additional rulings. He did not obtain a ruling on his motion before a notice of appeal was filed. *See, e.g.*, *Lajeunesse v. State*, No. 19-1715, 2022 WL 469408, at *4 & n.5 (Iowa Ct. App. Feb. 16, 2022) (finding error not preserved where applicant filed a motion for expanded findings but notice of appeal was filed before motion was ruled upon by the district court). After the notice of appeal was filed in this case, he filed a pro se motion seeking a remand in an effort to obtain a ruling on his post-hearing motion. The supreme court acknowledged he was proceeding pro se and denied his motion for remand.

included in the record. And even if we were to consider this claim as yet another claim for PCR, it is untimely under both former law and the state of the current law. *See* Iowa Code § 822.3 (providing, effective July 1, 2019, "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods"); *Allison*, 914 N.W.2d at 891 (establishing relation-back doctrine for second PCR applications filed promptly after the conclusion of the first proceeding); *Dible v. State*, 577 N.W.2d 881, 886 (Iowa 1996) (previously concluding ineffective assistance of PCR counsel could not overcome the three-year statute of limitations and allow for the filing of a successive application outside of the limitations period), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003); *see also Brooks v. State*, No. 20-1652, 2022 WL 951080, at *1–2 (Iowa Ct. App. Mar. 30, 2022) (definitively concluding that the legislature invalidated *Allison*'s relation-back doctrine as it relates to applications filed on or after July 1, 2019); *Velazquez-Ramirez v. State*, ___ N.W.2d ___, ___, 2022 WL 108542, at *2 (Iowa Ct. App. 2022) (expressly clarifying *Allison* only applies to *second* PCR actions filed promptly after the conclusion of the first).

## IV. Conclusion

Finding no cause for reversal on the issues properly preserved and presented for our review, we affirm.

**AFFIRMED.**